OPINION
Appellant, Robin D. Nahrstedt, appeals a decision of the Lake County Court of Common Pleas finding him to be a sexual predator pursuant to R.C. Chapter 2950. On September 16, 1983, appellant was found guilty on one count of rape, in violation of R.C. 2907.02; one count of kidnapping, in violation of R.C. 2905.01; and one count of felonious assault, in violation of R.C. 2903.11. He was sentenced to serve five to twenty-five years for rape, five to twenty-five years for kidnapping, to run consecutive to the rape sentence, and four to fifteen years for felonious assault, to be served concurrent with the other sentences. Subsequently, on September 28, 1998, appellant was found to be a sexual predator. Appellant timely filed a notice of appeal and now seeks a reversal of the trial court's determination that Ohio's sexual predator laws are valid and can be enforced against him.
Appellant has raised six assignments of error; the first five challenge the constitutionality of Ohio's sexual predator laws, and the final one is a manifest weight challenge to the determination that he is a sexual predator. For the reasons that follow, we affirm the trial court's decision.
In the first assignment of error, appellant contends that R.C. Chapter 2950 constitutes a denial of due process and must be held unconstitutional under strict scrutiny because it impairs one's fundamental rights to liberty and privacy. Within this assignment of error, appellant also argues that the statute denies him equal protection of the law.
Appellant's argument regarding fundamental rights has been expressly rejected by the Supreme Court of Ohio in State v. Williams (2000),88 Ohio St.3d 513, wherein the court held that Ohio's sexual predator laws do no improperly impinge upon an offender's natural law rights of privacy, the ability to pursue an occupation, the enjoyment of a favorable reputation, or the acquisition of property. The Williams decision also rejected the argument raised by appellant that the sexual predator laws violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Id. at 529-531.
In the second assignment of error, appellant asserts that R.C. Chapter 2950 is unconstitutionally vague. Specifically, appellant claims that the statute offers no meaningful guidance as to how to determine whether a defendant is a sexual predator, nor does it state which party has the burden of proof. These arguments were each rejected in Williams, supra, wherein the court expressly stated that Chapter 2950 is not impermissibly vague because the statutes provide sufficient guidelines by which a trial court can decide whether the state has established, by clear and convincing evidence, that the defendant is a sexual predator. Id. at 533. The court also made it clear that the state has the burden of proof. Id.
In the third assignment of error, appellant maintains that R.C. Chapter 2950 constitutes cruel and unusual punishment. While the Supreme Court of Ohio has not specifically addressed this argument, in State v. Cook
(1998), 83 Ohio St.3d 404, the court held that Ohio's sexual predator law was not punitive but, rather, remedial in nature. In light of this characterization, this court has recently held that the prohibition against cruel and unusual punishment has no application to the sexual offender laws. State v. Wheeler (July 28, 2000), Lake App. No. 99-L-095, unreported, at 3, 2000 WL 1041444.
In the fourth assignment of error, appellant submits that R.C. Chapter 2950 is unconstitutional on the basis that it violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The Supreme Court of Ohio rejected this argument inWilliams, supra, based upon its conclusion that the sexual predator proceedings are not criminal in nature.
In the fifth assignment of error, appellant contends that R.C. Chapter 2950 violates the Ex Post Facto Clause of the United States Constitution. The Supreme Court of Ohio rejected this challenge in Cook,supra, after determining that the statutory scheme served a remedial purpose and was not punitive in nature.
Finally, in the sixth assignment of error, appellant asserts that the trial court's determination that he is a sexual predator is against the manifest weight of the evidence.
R.C. Chapter 2950.09(B)(2) provides:
 "In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
In the instant cause, the trial court determined that appellant was a sexual predator after making the following conclusions regarding the foregoing factors:
 "(a) The offender's age at the time of offense was twenty-four (24) years old.
"* * *
 "(c) The victim's age at the time of offense was twenty (20) years old.
"* * *
"(e) Alcohol use played a role in the offense.
"* * *
 "(i) The offender, during the commission of the offense, displayed cruelty to the victim.
 "(j) The offender has a subsequent conviction for Sexual Imposition, R.C. 2907.06."
After reviewing the record in this case, we conclude that the trial court's decision finding appellant to be a sexual predator is supported by clear and convincing evidence and is not against the manifest weight of the evidence. The trial transcript reveals that appellant, then age twenty-four, met the victim, then age twenty, while he and a male friend were drinking in a bar. She was with two of her friends. When appellant and his friend were leaving, they offered to give the victim a ride home. She accepted but, instead of taking her home, they took her back to appellant's house where they took turns raping her. After raping the victim, appellant proceeded to beat her and repeatedly threatened to kill her. Appellant was holding a gun while making the threats. Appellant then raped her again. Finally, the two men put the victim back in appellant's car, drove around for a while, then dropped her off in a deserted area in the middle of the night.
The record also established that after appellant was released on parole in 1990, he was arrested, charged, and convicted of another sexually oriented offense in 1992. Following a bench trial, appellant was found guilty of sexual imposition involving his sixteen year-old niece. Thus, appellant has more than one conviction on sexually oriented crimes.
We further consider the psychological report prepared by G.T. Atwood, Ph.D., at the request of the Parole Board. The gist of that report is that appellant has a history of alcohol abuse but, of course, appellant was not drinking while in prison. The psychologist concluded that if appellant remains alcohol-free, there is a "good chance" that he will not reoffend. If, however, appellant returns to drinking, the risk of further offense increases "greatly." Thus, the psychologist's prediction depends, in large part, on future events.
Based upon the foregoing analysis, we cannot conclude that the trial court's decision was against the manifest weight of the evidence. Appellant's sixth assignment of error is without merit.
The judgment of the trial court is, hereby, affirmed.
 _______________________ FORD, P.J.
CHRISTLEY, J, O'NEILL, J., concur.